FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED INVESTORS LIFE INSURANCE COMPANY, <br><br>             Plaintiff-cross-defendant - Appellant, <br><br>   v. <br><br> DONNA GRANT. individually and as administrator of the Estate of George H. Grant, <br><br>             Defendant - cross-claimant - Appellee, <br><br>   and <br><br> HELEN FAUERBACH; JIM GRANT; KENNY GRANT; BRANDON GRANT; SOLANA COUNTY SHERIFF'S OFFICE, <br><br>             Defendants - Appellees. | No. 08-17336 <br><br> D.C. No. 2:05-cv-01716-MCE-DAD <br><br><br> MEMORANDUM [*] |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| UNITED INVESTORS LIFE INSURANCE COMPANY, <br><br>          Plaintiff-cross-defendant - Appellee, <br><br>  v. <br><br>DONNA GRANT, individually and as administrator of the Estate of George H. Grant, <br><br>          Defendant-cross-claimant - Appellant, <br><br>and <br><br>HELEN FAUERBACH; JIM GRANT; KENNY GRANT; BRANDON GRANT; SOLANO COUNTY SHERIFF'S DEPARTMENT, <br><br>          Defendants. | No. 08-17365 <br><br>D.C. No. 2:05-cv-01716-MCE-DAD |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted March 9, 2010[**]
San Francisco, California

Before: FERNANDEZ, HAWKINS and THOMAS, Circuit Judges.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

United Investors Life Insurance Company ("United") appeals a jury award of $1,060,000 for violation of its duty of good faith and fair dealing to Donna Grant, the named beneficiary on her late husband's life insurance policy. Ms. Grant cross appeals the district court's grant of judgment in interpleader and grant of summary judgment to United on the issue of punitive damages. She also challenges two evidentiary rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reduce the damages award to $80,000 and affirm in all other respects.

I

The district court had 28 U.S.C. § 1332 diversity jurisdiction and properly permitted the insurance company to discharge its contractual obligation to Ms. Grant by filing a Rule 22 interpleader action against her and several other potential claimants to the life insurance policy and depositing funds with the court.[1] By its language, Rule 22 applies to situations that "*may* expose a plaintiff to double or multiple liability." Fed. R. Civ. P. 22 (emphasis added). *Cf. Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) ("The court's jurisdiction under the interpleader statute extends to potential, as well as actual, claims."). California

---

[1] We review a district court's interpretation of the Federal Rules of Civil Procedure *de novo*. *United States v. 2,164 Watches*, 366 F.3d 767, 770 (9th Cir. 2004). We review findings of fact for clear error. *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002), *aff'd*, 540 U.S. 644 (2004).

3

law requires life insurance proceeds to be paid "as though the killer had predeceased the decedent," Cal. Prob. Code § 252, meaning that if Ms. Grant were determined to have murdered her husband, United could remain liable on the life insurance policy even if it had already paid her. Because of Ms. Grant's independent investigation and her letter to the company, United knew enough details about the case by the time it filed a complaint in interpleader to justify its fear of multiple liability.[2]

## II

Punitive damages are not appropriate in this case.[3] Under California law, punitive or exemplary damages may be awarded only if the plaintiff proves by clear and convincing evidence that the defendant committed a tort with oppression, fraud, or malice. Cal. Civ. Code § 3294(a). California law "does not favor punitive damages and they should be granted with the greatest caution." *Beck v.*

---

[2] In *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504 (9th Cir. 1978), potential claimants joined as defendants actually *disclaimed* any right to the fund and asserted independent counter claims against the plaintiff—counter claims, this Court decided, over which the interpleader statute did not confer subject matter jurisdiction. *Id.* at 507–08. *Libby* is not relevant to this case, as it presented both a different factual scenario and a different legal question.

[3] This court reviews *de novo* a district court's determination that the facts of a case do not justify punitive damages. *See EEOC v. Wal-Mart Stores, Inc.*, 156 F.3d 989, 992 (9th Cir. 1998) (citing *Knapp v. Eagle Prop. Mgmt. Corp.*, 54 F.3d 1272, 1281 (7th Cir. 1995)).

*State Farm Mut. Auto. Ins. Co.*, 54 Cal. App. 3d 347, 355 (1976). Regardless which of the three theories the plaintiff relies on to claim punitive damages, she must show that the defendant acted with intent or with conscious disregard for the plaintiff's rights. *See* Cal. Civ. Code § 3294(c) (defining oppression, fraud, and malice). "Proof of a violation of the duty of good faith and fair dealing does not establish that the defendant acted with the requisite intent to injure the plaintiff." *Beck*, 54 Cal. App. 3d at 355. Ms. Grant presented no evidence that United intended to injure her or anyone else, or otherwise acted with the requisite level of culpability to justify a punitive damages award. Even if Ms. Grant had proven everything that she set out to prove, it simply would not have been "clear and convincing evidence" that United violated its duty of good faith and fair dealing with "oppression, fraud, or malice."[4]

---

[4] None of factors cited in *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004), as supporting punitive damages is relevant given the facts of this case. *See id.* at 1013–14.

5

III

Ms. Grant's theory of liability was legally and factually sound.[5]

A

Ms. Grant's theory of liability is supported by California law. She did not assert, nor did the district court rely on, the existence of a duty to interplead. Rather, her action was for violation of the insurance company's duty of good faith and fair dealing in how it processed her claim. It rested on the premise that United had a duty to process the claim in a reasonable manner—United merely had the *option* of filing an interpleader action earlier, which, if it had a bona fide fear of multiple liability at the time, would have been a reasonable way to process the claim. *See Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal. App. 4th 1329, 1341 (2001).

Where the insurer ultimately has an obligation to pay, and it does pay eventually but in an unreasonably untimely manner, California law permits the insured to pursue an action for bad faith. The cause of action is not limited to

---

[5] A district court's interpretation of state law in a diversity case is reviewed *de novo*. *State Farm Mut. Auto. Ins. Co. v. Davis*, 937 F.2d 1415, 1418 (9th Cir. 1991). A jury's verdict must be upheld if supported by "substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) (internal quotation marks omitted).

6

insurers who have wrongfully denied coverage, but extends to "the handling of the insured's claim[s]" more generally. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001). Tortious conduct can consist of "delay *or* denial in the payment of policy benefits," as long as it is "shown that the insurer acted *unreasonably* or *without proper cause*." *Id.* at 347 (first emphasis added); *see also Egan v. Mut. of Omaha Ins. Co.*, 620 P.2d 141, 145 (Cal. 1979).

## B

The question of liability was properly presented to the jury. United is correct that a court *may* find a limited investigation or payment below the amount due reasonable as a matter of law. *See Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc.*, 971 F.2d 272, 282–83 (9th Cir. 1992) (interpreting California law); *Chateau*, 90 Cal. App. 4th at 340. However, "the reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact." *Chateau*, 90 Cal. App. 4th at 346; *see also Fraley v. Allstate Ins. Co.*, 81 Cal. App. 4th 1282, 1293 (2000).

Here, United did not dispute coverage, it just worried about double liability. Ms. Grant proffered evidence that United could have dealt with that concern much more quickly, either through investigation or by filing an action in interpleader earlier. She proffered evidence that United violated both its own unwritten policies

and California law, making its conduct unreasonable. Contrary to United's assertions, filing an interpleader action fifteen months after receiving a claim and after minimal, pro forma investigation, where the beneficiary was never arrested, was not reasonable as a matter of law. *See Minn. Mut.*, 174 F.3d at 980–81; *see also R.J. Kuhl Corp. v. Sullivan*, 13 Cal. App. 4th 1589, 1602 (1993) ("[B]ad faith may be overt or may consist of inaction, and fair dealing may require more than honesty."). *But cf. Lee v. Crusader Ins. Co.*, 49 Cal. App. 4th 1750, 1759 (1996) (finding, as a matter of law, an insurance company's conduct reasonable, in large part because the claiming party was arrested).

IV

Because Ms. Grant may only collect damages caused by United Investor's bad faith, we reduce the jury award to $20,000 in economic damages and $60,000 in non-economic damages.[6]

In insurance cases, the measure of damages for breach of the implied covenant of good faith and fair dealing is "the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Cal. Civ. Code § 3333.; *see also Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43 (1999) (explaining that insurance policy cases are the exception to the general rule that compensation for breach is limited to contract remedies). Damages for emotional distress are available to compensate for "the anxiety arising from the financial deprivation traceable directly to nonpayment of

---

[6] We review a damages award for substantial evidence. "The evidence is insufficient to support a damage award only when no reasonable interpretation of the record supports the figure." *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 691 (2004). Uncertainty as to the fact of damages is fatal to recovery, though plaintiffs are given more leeway when attempting to ascertain the amount of damages. *GHK Assocs. v. Mayer Group, Inc.*, 224 Cal. App. 3d 856, 873 (1990).

United argues that it is objecting to a particular measure of damages as a matter of law. This is incorrect. United is not arguing, for example, that compensation for lost business or emotional distress is unavailable in this type of action (a claim that in any event would be foreclosed by California case law), but rather that Ms. Grant presented insufficient evidence of proximate causation to support the figure awarded.

9

the claim." *Blake v. Aetna Life Ins. Co.*, 99 Cal. App. 3d 901, 925 (1979).

Much of the economic damages Ms. Grant claims are related to business and personal decisions that she made during the time period between the death of her husband and United's filing in interpleader. We will assume that her testimony—that the insurance company misled her into thinking that she could afford to maintain her husband's business and purchase an expensive new home—is sufficient evidence that United's bad faith proximately caused her to make these decisions. Even so, Ms. Grant failed to present evidence that the insurance company's bad faith caused any actual economic losses. Ms. Grant presented evidence that her business profits were lower after her husband died than before, and that she paid closing costs when she bought and sold property. But she failed to present any evidence that she would have fared *better* financially if she had sold the business when her husband died or had she not engaged in real estate transactions.

Ms. Grant also argued that she was entitled to $200,000 in attorney's fees for litigating the interpleader action. It was not actually the filing of the interpleader that was improper, but rather United's unreasonable delay in processing Ms. Grant's claim. Because Ms. Grant did not present any evidence that her attorney's fees were higher because of United's delay, the record does not support a jury

10

verdict for any portion of the attorney's fees. *See Brandt v. Super. Ct.*, 693 P.2d 796, 798 (Cal. 1985).

The record does support $20,000 in economic damages plus related damages for emotional distress. This is the amount that Ms. Grant paid to a private investigator to conduct the investigation that she detailed in her demand letter to the insurance company, which she sent over a year after United had put her claim on hold, and a mere two months before United filed its complaint in interpleader. The record supports an inference that she hired the investigator because of United's delay, to force United to process her claim.[7]

Ms. Grant asked the jury to award non-economic damages three times her economic damages, which the jury did. Drawing all inferences in her favor, sufficient evidence exists to support a $60,000 award for emotional distress.

V

The District Court did not commit prejudicial errors requiring this court to remand for a new trial on the merits. United argues that it was deprived of a fair trial by Ms. Grant's disregard of the court's ruling that it has a right to interplead. Ms. Grant's alleged strategy prejudiced United because of the risk that the jury

---

[7] The jury could also have assumed that Ms. Grant would not have needed to hire an investigator had the policy money been interpled earlier, since no other claimant timely replied to United's complaint.

11

might punish the insurer for exercising its lawful right to interplead the benefits. At the close of evidence, however, United withdrew a request for the District Court to instruct the jury not to consider the propriety of the interpleader action because the court had sufficiently instructed the jury already. United effectively waived its right to argue this prejudice at trial when it withdrew one of its proposed jury instructions without being prompted, and while conceding that the jury was adequately instructed *not* to consider the propriety of the interpleader action.

## VI

Because we do not remand for a new trial, we decline to address Ms. Grant's challenges to several of the district court's evidentiary rulings.


**AFFIRMED IN PART AND REVERSED IN PART.** Each party shall bear its own costs on appeal and cross-appeal.