BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General.
THE HONORABLE JOE BACA, JR., MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. Do the requirements for a state preliminary credential in speech-language pathology satisfy the federal standards governing Medicaid reimbursement?
2. Do the requirements for a state professional clear credential in speech-language pathology satisfy the federal standards governing Medicaid reimbursement?
 CONCLUSIONS
1. The requirements for a state preliminary credential in speech-language pathology satisfy the federal standards governing Medicaid reimbursement.
2. The requirements for a state professional clear credential in speech-language pathology satisfy the federal standards governing Medicaid reimbursement.
 ANALYSIS
In 89 Ops.Cal.Atty.Gen. 63 (2006), we concluded that the requirements for a state services credential with specialization in clinical or rehabilitative services issued by the California Commission on Teacher Credentialing ("Commission") did not qualify the holder as a "speech pathologist" under the federal standards governing Medicaid reimbursement.[1] The federal standards (42 C.F.R. § 440.110(c)(2) (2006); hereafter "Regulation 440.110") specify the following:
 "A `speech pathologist' is an individual who meets one of the following conditions:
 "(i) Has a certificate of clinical competence from the American Speech and Hearing Association.
 "(ii) Has completed the equivalent educational requirements and work experience necessary for the certificate.
 "(iii) Has completed the academic program and is acquiring supervised work experience to qualify for the certificate."
Regulation 440.110 adopts, as the benchmark, the certificate of clinical competence granted by the American Speech and Hearing Association ("Association"). In our recent opinion, we found that the state credential requirements lacked two specific components of the federal standards and contained no comparable qualifications: (1) a passing score on a specialized examination covering "seven subject areas related to speech-hearing-language matters" and (2) performing "a 36-week, full-time, mentored clinical fellowship" following "completion of all graduate course work and of the graduate `clinical practicum.' " We found these distinctions to be critical for purposes of receiving Medicaid reimbursement for the services of a "speech pathologist." (Id. at p. 67.)
Our finding of inconsistencies between the state requirements and federal standards resulted in the Legislature's making statutory changes designed to have state credential holders meet the federal standards for Medicaid reimbursement. The legislation (Stats. 2006, ch. 581) added section 44265.3, subdivision (a), to the Education Code, as follows:
 "Commencing January 1, 2007, the Commission on Teacher Credentialing shall issue the following credentials:
 "(1) A preliminary credential in speech-language pathology, to an individual who has been recommended by a commission-accredited program sponsor and who holds or has been recommended for a master's degree in speech-language pathology from a program accredited by the American Speech-Language-Hearing Association's Council on Academic Accreditation. The preliminary credential shall be valid for a period of two years.
 "(2) A professional clear credential in speech-language pathology to an individual who satisfies all of the following criteria:
 "(A) The individual holds a master's degree in speech-language pathology from a program accredited by the American Speech-Language-Hearing Association's Council on Academic Accreditation, or an equivalent degree or academic program, as determined by the American Speech-Language-Hearing Association.
 "(B) The individual has achieved a passing score, as determined by the American Speech-Language-Hearing Association's certification requirements on the Educational Testing Service's national teachers' Praxis series written test in speech-language pathology or a successor exam.
 "(C) The individual has completed a mentored practical experience period, in the form of a 36-week, full-time mentored clinical experience, or an equivalent supervised practicum, as deemed by the commission.
 "(D) The individual satisfies other typical commission credentialing processing requirements, including, but not limited to, forms, fees, and fingerprint clearances."
We are asked whether the new state requirements will satisfy the federal standards. We conclude that they will.
Preliminarily, we note the federal definition of "speech pathologist" for purposes of Medicaid reimbursement has not changed since our earlier opinion. Accordingly, we need only compare the new state credential requirements incorporated in section 44265.3 with the federal standards examined in our prior opinion.
1. State Preliminary Credential
The first question concerns the statutory requirements for a state preliminary credential in speech-language pathology. Under subdivision (a)(1) of section 44265.3, the Commission is directed to issue a two-year preliminary credential in speech-language pathology to an individual "who has been recommended by a commission-accredited program sponsor and who holds or has been recommended for a master's degree in speech-language pathology from a program accredited by the [Association]."
Hence, we believe that the new legislation makes this credential available to someone who has completed the requisite academic course work for a master's degree in speech-language pathology and who is in the process of completing the 36-week supervised professional clinical experience necessary for the Association's Certificate of Clinical Competence. 89 Ops.Cal.Atty.Gen., supra, at pp. 64-65.) Speech, language, and hearing services provided by a person holding such a preliminary credential would thus meet the federal standard that defines a "speech pathologist" as including one who has "completed the academic program and is acquiring supervised work experience to qualify for the certificate [of clinical competence from the Association]." (Reg. 440.110 (c)(2)(iii).)
We conclude in answer to this first question that the requirements for a state preliminary credential in speech-language pathology satisfy the federal standards governing Medicaid reimbursement.
2. State Professional Clear Credential
The second question concerns the requirements for a state professional clear credential in speech-language pathology. Under subdivision (a)(2) of section 44265.3, the Commission is directed to issue a professional clear credential in speech-language pathology to an individual who has earned or has completed the following: (1) a master's degree in speech-language pathology from an Association-accredited program or an Association-approved equivalent degree or academic program; (2) a passing score on the recognized national written test in speech-language pathology; (3) a 36-week full-time mentored clinical experience; and (4) all applicable credentialing processing requirements and clearances.
The Legislature's additions of the second and third requirements described above — achievement of a passing score on "the Educational Testing Service's national teachers' Praxis series written test in speech-language pathology or a successor exam" (§ 44265.3, subd. (2)(B)) and completion of "a mentored practical experience period, in the form of a 36-week, full-time mentored clinical experience, or an equivalent supervised practicum" (§ 44265.3, subd. (2)(C)) — supply the missing components identified in our earlier opinion as necessary for "equivalency" within the meaning of Regulation 440.110(c)(2)(ii). (See 89 Ops.Cal.Atty.Gen., supra, at p. 67.) Consequently, holders of the state's "professional clear credential" will qualify as "speech pathologists" under the federal standards governing Medicaid reimbursement. That is, the holder of such a credential will have "completed the equivalent educational requirements and work experience necessary for [a certificate of clinical competence granted by the Association]." (Reg. 440.110(c)(2)(ii).)
We conclude in answer to the second question that the requirements for a state professional clear credential in speech-language pathology satisfy the federal standards for Medicaid reimbursement.
[1] The term "Medicaid" (Title XIX of the federal Social Security Act) refers to a comprehensive federal-state program for the funding of medical services, under which federal grants are authorized to participating states for the benefit of medically indigent persons. (42 U.S.C. §§ 1396-1396v; see 64 Ops.Cal.Atty.Gen. 804 (1981).) The California Medical Assistance program, or "Medi-Cal" (Welf. Inst. Code, §§ 14000-14199.3), is California's implementation of the federal Medicaid program. (See, e.g., Shewry v. Arnold (2004)125 Cal.App.4th 186, 193; Kain v. State Dept. of Health Services (2001)91 Cal.App.4th 325, 328; Mission Community Hospital v. Kizer (1993)13 Cal.App.4th 1683, 1687; 89 Ops.Cal.Atty.Gen., supra, at p. 63, fn. 1;86 Ops.Cal.Atty.Gen. 108 (2003).)