[No. B214434. Second Dist., Div. Five. Dec. 11, 2009.]

PATRICIA BALIAN, Plaintiff and Respondent, v.
ALEXANDER G. BALIAN, as Cotrustee, etc., et al., Defendants and
Appellants.

## COUNSEL

Lurie, Zepeda, Schmalz & Hogan, M. Damien Holcomb, Steven L. Hogan; Cotugno & Rust and Richard N. Rust for Defendants and Appellants.

Schomer Law, Scott P. Schomer; and Matthew W. Goldsby for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.—**

### I. INTRODUCTION

Alexander G. Balian and George A. Balian, Jr. (the trustees), are cosuccessor trustees of the Mary J. Balian Revocable Trust dated May 11, 1995 (the trust).[1] The trustees have appealed from the portion of an order granting a declaratory relief petition brought by a trust beneficiary, Patricia Balian, pursuant to Probate Code[2] section 21320 to determine that a proposed petition to modify the irrevocable trust is not a contest. The proposed modification petition sought to strike or modify a "special needs" provision in the trust pursuant to section 15409. We affirm.

### II. BACKGROUND

Mary, who created the trust, is the mother of Alexander, George, Patricia and Diane Balian. Upon creation of the trust, Mary designated her two sons as cosuccessor trustees. Paragraph D of the sixth article of the trust provides that upon Mary's death its residue should be divided equally between her four children named in the trust, Alexander, George, Patricia and Diane. Any shares allocated to Alexander and George were to be distributed to them.

---

[1] The parties in this action all share a common surname. Where it is applicable, we refer to the parties by their first names for clarity and not out of any disrespect.

[2] All further statutory references are to the Probate Code unless otherwise indicated.

The shares allocated to Patricia and Diane are held in trust for payment in accordance with the "special needs" provision of the trust. Patricia and Diane both receive government assistance. Patricia has been permanently disabled since 1986 with a bipolar disorder. Paragraph F of the sixth article of the trust contains a special needs provision which provides for payments to Patricia and Diane not to exceed $2,000 per month. The special needs provision of the trust provides: "Any share allocated to DIANE PARVATI BALIAN or to PATRICIA S. BALIAN, shall be held by the Trustee for the benefit of such person. The Trustee shall pay for the benefit of such person from time to time so much or all of the net income and principal of her respective share (but in any one month no more than Two Thousand Dollars ($2,000) plus said person's medical expenses) as in the sole and absolute discretion of the Trustee is required for her extra and supplemental care, maintenance, support and education in addition to, and over and above, the benefits she receives as a result of her special problems from any local, state or federal governmental agency, or from any private agency, providing such benefits. Any income not so required shall be accumulated and added to the principal at the end of the Trust's tax year. It is the express purpose of this Trust only to supplement other benefits received by her and to pay for her special needs which are not provided for by such other benefits. Such special needs may include but shall not be limited to: payments for transportation; payments for medical, dental or nursing care services or equipment not provided by governmental programs; payments for social services, and personal care services not otherwise provided by governmental programs including payment for additional hours of service not paid for by governmental programs or payment of a higher wage rate as a supplement to a government wage rate; payments for work expenses not paid for by governmental programs; payments for taxes, fees and insurance; payments for modification of her home which are necessary due to her special problems; payments for household goods, personal effects and other property which a recipient of governmental benefits is permitted to retain without a loss of such benefits; payments for maintenance, repair or replacement of real or personal property; payments for educational expenses, including college, graduate or special education not paid for by governmental programs, and payments for vacations and other travel. The Trustee may make any payment of income or principal required under this Trust in one or more of the following ways but with due regard to the effect of any particular method of payment may have on her receipt of government benefits. . . ."

Paragraph G of the 10th article of the trust contains the following no contest clause: "In the event any beneficiary under this trust shall singly or in conjunction with any other person or persons contest in any court the validity of this trust, or of the Settlor's last Will, or shall seek otherwise to void, nullify, or set aside this Trust or any of its provisions, then the right of that person to take any interest given to him by this trust, shall be determined as it

would have been determined had the person predeceased the execution of this declaration of trust without surviving issue. The Trustee is hereby authorized to defend at the expense of the trust estate any contest or other attack of any nature on this trust or any of its provisions. This paragraph shall specifically operate to disinherit any contestant who may be an heir now or who after the date of this document may become an heir of the Settlor by reason of subsequent birth, marriage or relationship, whether or not such event is now known or contemplated."

Patricia filed her section 21320 petition on May 23, 2008. The section 21320 petition sought determinations about whether a petition concerning two proposed modifications would violate the no contest clause. The proposed first modification petition sought to remove trustees. Thereafter, new successor trustees would be appointed. (§ 21305, subd. (b)(7).) A petition to remove a fiduciary under these circumstances is not a contest. (§ 21305, subd. (b)(7).) Thus, there is no issue raised on appeal as to whether the petition to remove the trustees is a contest. The second modification petition, which expressly refers to section 15409, would reform the trust to change the amount of monthly distributions to Patricia allegedly to carry out the trustor's intentions in creating the trust. (§ 21305, subd. (b)(1), (11).)

The section 21320 petition alleged that the trust imposes a $2,000 per month restriction on distributions to Patricia. The section 21320 petition alleged: "[Mary's intention] was clearly to preserve [Patricia's] eligibility for government benefits which are available only to applicants with nonexempt resources of $2,000 or less. There is no basis for such a restriction in relation to [Patricia]." According to the section 21320 petition, Patricia receives Social Security Disability Insurance from federal insurance that she paid for through the Federal Insurance Contributions Act (26 U.S.C. § 3101 et seq.). Her benefits are not based on need or financial hardship. By contrast, Diane receives government benefits reserved for only the most destitute. The section 21320 petition alleged that Mary was unaware of or did not understand the distinctions between the two types of benefits received by her daughters. It was further alleged that "the continuation of these restrictions defeats or substantially impairs the accomplishment" of the express purpose of the trust.

Patricia attached the proposed modification petition at issue as an exhibit to the section 21320 petition. The proposed modification petition requested relief pursuant to section 15409 on the basis that circumstances existed which were not known to nor anticipated by Mary. The modification petition alleged the purpose of the trust provision was to preserve eligibility for government benefits for Patricia and Diane. Patricia receives Social Security Disability Insurance payments which are not contingent upon whether the applicant has resources. The proposed modification petition alleged that continuation of the

trust under the current terms would defeat or substantially impair its purposes. The proposed modification petition sought an order striking Patricia's name from the special needs provision of the trust and distribution of her share of the trust. Alternatively, the proposed petition requested modification of the trust to eliminate the monthly $2,000 restriction on distributions and to expand the authorized disbursements to include payments made to assist Patricia in her business.

In opposing the section 21320 petition, the trustees argued the proposed modification petition constitutes a direct contest on the express terms and purpose of the trust. The terms of the trust as well as the evidence demonstrated its purpose. Mary was aware of Patricia's special needs at the time the trust was created. According to the trustees, the proposed modification petition sought to reform the trust to carry out Mary's intention which is by definition not a contest pursuant to section 21305, subdivision (b)(11). But the trustees argued that an exception existed for such reformation claims in section 21305, subdivision (e), which states in part, "The provisions of paragraphs (6), (9), and (11) of subdivision (b) do not apply if the court finds that the filing of the pleading is a direct contest of an instrument or any of its terms, as defined in Section 21300." The trustees further argued that section 21320, subdivision (c) provides that the safe harbor provisions do not apply if the probate court must make a determination of the merits of the modification petition. According to the trustees, the probate court would be required to make a determination of the merits of the proposed modification petition— whether Mary understood the distinction between Supplemental Security Income and Social Security Disability Insurance at the time the trust was created.

The probate court granted Patricia's section 21320 petition. The probate court ruled the proposed modification petition would not violate the no contest provision of the trust. The trustees filed a timely appeal from the order granting the section 21320 petition.

### III. DISCUSSION

Section 21303 provides, "Except to the extent otherwise provided in this part, a no contest clause is enforceable against a beneficiary who brings a contest within the terms of the no contest clause." Section 21320 provides in part: "(a) If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination of whether a particular motion, petition, or other act by the beneficiary, . . . would be a contest within the terms of the no contest clause. [¶] (b) A no contest clause is not enforceable against a beneficiary to the extent an application under subdivision (a) is limited to the procedure and purpose

described in subdivision (a). [¶] (c) A determination under this section of whether a proposed motion, petition, or other act by the beneficiary violates a no contest clause may not be made if a determination of the merits of the motion, petition, or other act by the beneficiary is required. [¶] (d) A determination of whether Section 21306 or 21307 would apply in a particular case may not be made under this section." Thus, section 21320 establishes a "safe harbor" for beneficiaries to seek a judicial determination of whether a proposed petition, motion, or action would be a contest. (*Estate of Rossi* (2006) 138 Cal.App.4th 1325, 1328, fn. 1 [42 Cal.Rptr.3d 244]; *Estate of Davies* (2005) 127 Cal.App.4th 1164, 1173 [26 Cal.Rptr.3d 239]; *Estate of Kaila* (2001) 94 Cal.App.4th 1122, 1130 [114 Cal.Rptr.2d 865].) Where the probate court does not rely on extrinsic evidence, its ruling on a section 21320 petition presents a question of law which we review de novo. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 604 [100 Cal.Rptr.3d 622, 217 P.3d 1194]; *Burch v. George* (1994) 7 Cal.4th 246, 254 [27 Cal.Rptr.2d 165, 866 P.2d 92]; *Colburn v. Northern Trust Co.* (2007) 151 Cal.App.4th 439, 447 [59 Cal.Rptr.3d 828]; *McIndoe v. Olivos* (2005) 132 Cal.App.4th 483, 487 [33 Cal.Rptr.3d 689].)

■ In *Burch v. George, supra,* 7 Cal.4th at pages 254–255, our Supreme Court set forth the standards for determining the issue of whether an action violates a no contest clause as follows: "An in terrorem or no contest clause in a will or trust instrument creates a condition upon gifts and dispositions provided therein. [Citation.] In essence, a no contest clause conditions a beneficiary's right to take the share provided to that beneficiary under such an instrument upon the beneficiary's agreement to acquiesce to the terms of the instrument. [Citation.] [¶] No contest clauses are valid in California and are favored by the public policies of discouraging litigation and giving effect to the purposes expressed by the testator. [Citations.] Because a no contest clause results in a forfeiture, however, a court is required to strictly construe it and may not extend it beyond what was plainly the testator's intent. [Citations.] [¶] 'Whether there has been a "contest" within the meaning of a particular no-contest clause depends upon the circumstances of the particular case and the language used.' [Citations.] '[T]he answer cannot be sought in a vacuum, but must be gleaned from a consideration of the purposes that the [testator] sought to attain by the provisions of [the] will.' [Citation.] Therefore, even though a no contest clause is strictly construed to avoid forfeiture, it is the testator's intentions that control, and a court 'must not rewrite the [testator's] will in such a way as in immunize legal proceedings plainly intended to frustrate [the testator's] unequivocally expressed intent from the reach of the no-contest clause.' [Citation.]" (See *Johnson v. Greenelsh, supra,* 47 Cal.4th at p. 604.)

In this case, the proposed modification petition requested an order striking or modifying a special needs trust provision. A special needs trust is defined

thusly: " 'A special needs trust is a trust that is intended to allow the beneficiary to continue to maintain eligibility for certain needs-based government benefits . . . .' [Citation]." (*Shewry v. Arnold* (2004) 125 Cal.App.4th 186, 194 [22 Cal.Rptr.3d 488]; see also 14 Witkin, Summary of Cal. Law (10th ed. 2005) Wills and Probate, § 1072, p. 1197.) Federal and state law allows the establishment of special needs trusts to preserve the availability of public benefits to an elderly or disabled person. (See 42 U.S.C. §§ 1396d, 1396p(c), (d), (e); Welf. & Inst. Code, §§ 14005.7, 14006 & 14015; Cal. Code Regs., tit. 22, § 50489.9, subd. (a)(3)(B), (4); *Conservatorship of Kane* (2006) 137 Cal.App.4th 400, 405–406 [40 Cal.Rptr.3d 378]; *Shewry v. Arnold, supra,* 125 Cal.App.4th at pp. 193–198.)

The proposed modification petition asserts relief is warranted because Patricia is not receiving any need-based government benefits so the restrictions on her portion of the general distribution should be modified accordingly. The proposed modification petition would be filed pursuant to section 15409 which provides: "(a) On petition by a trustee or beneficiary, the court may modify the administrative or dispositive provisions of the trust or terminate the trust if, owing to circumstances not known to the settlor and not anticipated by the settlor, the continuation of the trust under its terms would defeat or substantially impair the accomplishment of the purposes of the trust. In this case, if necessary to carry out the purposes of the trust, the court may order the trustee to do acts that are not authorized or are forbidden by the trust instrument. [¶] (b) The court shall consider a trust provision restraining transfer of the beneficiary's interest as a factor in making its decision whether to modify or terminate the trust, but the court is not precluded from exercising its discretion to modify or terminate the trust solely because of a restraint on transfer."

Section 21305, subdivision (b) provides in part: "Except as provided in subdivision (d), notwithstanding anything to the contrary in any instrument, the following proceedings do not violate a no contest clause as a matter of public policy: [¶] (1) A pleading seeking relief under Chapter 3 (commencing with Section 15400) of Part 2 of Division 9. [¶] . . . [¶] (11) A pleading regarding the reformation of an instrument to carry out the intention of the person creating the instrument. . . ." Section 21305, subdivision (e) provides in part, "The provision of paragraph[] . . . (11) of subdivision (b) do[es] not apply if the court finds that the filing of the pleading is a direct contest of an instrument or any of its terms, as defined in Section 21300." The trustees assert that since the proposed modification seeks to reform the trust, it is not a contest which is subject to section 15409.

 The proposed modification petition explicitly states that it is being pursued under section 15409. Section 21305, subdivision (b)(1) unequivocally provides that a section 15409 petition is a proceeding which does not

violate a no contest clause as a matter of public policy. There is no merit to the trustees' argument that the modification petition is a direct contest on the ground of mistake which seeks to void, modify, and set aside a trust provision. The gravamen of the proposed modification petition is to modify a special needs provision. The fact that such a modification could be consistent with the trustor's intent does not alter the fact it directly relates to a special needs provision which is subject to section 15409. A section 15409 petition does not violate a no contest clause. (§ 21320, subd. (b)(1).) Under the circumstances, the probate court correctly granted the section 21320 safe harbor petition.

## IV. DISPOSITION

The order under review is affirmed. Patricia Balian is awarded her costs on appeal from Alexander G. Balian and George A. Balian, Jr., as trustees of the Mary J. Balian 1995 Revocable Trust.

Armstrong, J., and Kriegler, J., concurred.