[No. B087862. Second Dist., Div. Five. Feb. 13, 1996.]

COASTAL COMMUNITY HOSPITAL, Plaintiff and Appellant, v.
S. KIMBERLY BELSHÉ, as Director, etc., Defendant and Respondent.

ST. JOSEPH HOSPITAL OF ORANGE, Plaintiff and Appellant, v.
S. KIMBERLY BELSHÉ, as Director, etc., Defendant and Respondent.

**COUNSEL**

Mitchell R. Miller and Jacob N. Segura for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, John H. Sanders and Y. Tammy Chung, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**ARMSTRONG, J.**—Petitioners and appellants Coastal Community Hospital and St. Joseph Hospital of Orange appeal the trial court's denial of their petitions for writs of mandate by which petitioners sought to reverse the administrative decisions of the Department of Health Services (the Department) to accept petitioners' Medi-Cal cost reports "as filed," and to order the Department to accept petitioners' appeals of those costs reports. Petitioners find authority for these administrative appeal rights in Welfare and Institutions Code section 14171, subdivision (a).[1] We do not, and affirm the trial court.

### FACTS

Petitioners are hospitals participating in California's Medi-Cal program, Welfare and Institutions Code section 14000 et seq. As such, they are required to submit cost reports to the Department at the end of each fiscal year, detailing the cost of Medi-Cal services provided, the number of Medi-Cal beneficiaries served, and the amount owed, to the health care provider or to the Department, under the program.

On June 27, 1988, petitioner Coastal Community Hospital submitted a cost report for its fiscal year ended March 31, 1988. The Department accepted the cost report as filed on October 6, 1989. Coastal sought to appeal the Department's decision to accept the cost report on February 26, 1990, and an administrative hearing was held on May 23, 1990.

Petitioner St. Joseph Hospital of Orange submitted cost reports for its fiscal years ended June 30 of 1987 and 1988. St. Joseph's cost report for fiscal year 1987 was filed within the prescribed time period after the end of the fiscal year. When the Department initially reviewed this cost report, it discovered that the report was not complete and could therefore not be accepted for processing. St. Joseph provided all of the additional information requested by the Department to complete the cost report by March 31, 1988. The Department accepted this corrected cost report for processing on September 26, 1988, and accepted the report as filed on September 1, 1989. St. Joseph filed an administrative appeal of the Department's actions on January 14, 1991; the administrative hearing was held on April 16, 1991.

St. Joseph's cost report for fiscal year 1988 was filed on November 22, 1988. The Department accepted the report as filed on July 2, 1990. St.

---

[1] That section provides: "The director shall establish administrative appeal processes to review grievances or complaints arising from the findings of an audit examination made pursuant to Sections 10722 and 14170."

Joseph requested an appeal of that decision on August 27, 1990, and the administrative hearing was held on November 11, 1991.

With respect to each of the foregoing cost reports, the Department accepted the reports "as filed" by petitioners more than 15 months after receiving them. Petitioners sought to appeal the Department's decision accepting their cost reports. At the administrative level, the administrative law judge (ALJ) in each case held that there is no right to appeal when a provider's cost report is found by the Department to be correct as filed. As the ALJ in the Coastal matter reasoned, there is no disputed audit or examination finding to appeal if both the provider and the Department agree on the amount of reimbursement due. The decision of the ALJ in each matter was adopted by the Director of the Department as final.

Petitioners then filed petitions for writs of mandate in the superior court, claiming that the Department denied them the right to appeal the Department's decision to accept their cost reports as filed. The matters were consolidated for trial. The trial court denied the writ petitions, finding that petitioners had no right to appeal since such a right exists only when there is a *disputed* audit or examination finding which results in an *adjustment* to Medi-Cal program reimbursement.

### DISCUSSION

■ The Welfare and Institutions Code requires the Department to provide for an administrative appeal process "to review grievances or complaints arising from the findings of an audit examination . . . ." (Welf. & Inst. Code, § 14171, subd. (a).) In addition, California Code of Regulations provides that "A provider may request a hearing under the provisions of this article to examine any disputed audit or examination finding which results in an adjustment to Medi-Cal program reimbursement or reimbursement rates by submitting a Statement of Disputed Issues to the Department in accordance with Section 51022." (Cal. Code Regs., tit. 22, § 51017.) Petitioners rely on the foregoing statute and regulation for their contention that they have a right to appeal the Department's acceptance of their cost reports.

In this case, however, neither the statute nor the regulation can provide the basis for petitioner's claimed right to appeal the Department's actions. For rather than perform a field audit, which may have resulted in an adjustment to petitioner's claimed reimbursement amounts, the Department chose to accept as filed the cost reports submitted by petitioners. In this situation, no administrative appeal of the Department's decision is warranted: the Department made no findings which resulted in an adjustment to the Medi-Cal

reimbursements due to petitioners. And petitioners logically cannot be aggrieved by the Department's decision to accept as true petitioners' representations regarding the amount of reimbursement due them.

Petitioners assert that both the "pre-acceptance review," whereby the Department determines whether a cost report is complete and ready for processing, and the "pre-audit review," pursuant to which the Department determines which cost reports to submit to a full field audit and which to accept as filed, constitute an "audit or examination" within the meaning of the above quoted code section. Petitioners further argue that even if those examinations result in a finding that the cost report accurately states the amounts reimbursable to the provider, the provider has the right to challenge that determination if the provider has a "grievance" or "complaint" with the finding. Petitioners' reading of the statute is not persuasive.

The trial court found that the "pre-acceptance review" of the cost reports was simply a mechanism to ensure that the reports are complete and free from obvious errors, and therefore ready for processing. The Department is entitled to a complete cost report; a review to determine if a complete cost report has been submitted cannot be said to aggrieve a party. We concur with the trial court that this limited review does not constitute an "audit or examination" which triggers a right of appeal.

Likewise, we fail to see how a determination by the Department, after a "pre-audit analysis," that an audit is not warranted and that the provider's report will be accepted as filed can be said to result in a grievance or complaint properly subject to appeal rights. Indeed, it would be more accurate to say that petitioners were aggrieved by their own failure to amend their cost reports in a timely manner so that, when the Department accepted the reports as filed, petitioners would be entitled to a larger reimbursement. There is no evidence in the record before us to support the suggestion that the Department is in any way responsible for any inaccuracies in the cost reports which resulted in a lesser reimbursement to petitioners.[2] Consequently, petitioners can have no genuine grievance or complaint with the Department based on the latter's acceptance of petitioners' cost reports as filed; the trial court's ruling that petitioners are not entitled to appeal the Department's acceptance of their cost reports was proper.

---

[2]Petitioners do argue that it is impossible to file a completely accurate cost report for any given fiscal year within 90 days after year's end, since claims continue in the reimbursement pipeline for a year or more after the fiscal year end. Even if this is true, however, there is no evidence in the record that petitioners made any attempt to correct the cost reports at any time before they were accepted by the Department, which in Coastal's case occurred 18 months after fiscal year end, and in St. Joseph's case occurred more than 2 years after the end of each fiscal year.

Finally, in its petition for writ of mandate, Coastal attacked the Department's determination that no appeal rights existed because, among other things, "Department's interpretation of the governing regulations, i.e., that they prevent Petitioner from disputing errors in its cost reports, is a policy or rule of interpretation, which requires compliance with the rule-making provisions of the California Administrative Procedure Act ('APA'). Department did not so comply."[3] The trial court rejected this contention, stating "There was insufficient evidence to conclude that respondent used the rule of accepting cost reports as a means of preventing the petitioners from correcting errors that respondent knew existed." Petitioners have cited no evidence in the record to undermine the trial court's finding. ■ We fully concur in the trial court's view that the Department's actions in requiring a cost report to be complete and free from obvious errors prior to departmental processing, and in reviewing costs reports to determine if a full field audit is necessary, is an internal management procedure necessary to the efficient management of the Medi-Cal program and not subject to the California Administrative Procedure Act. (Gov. Code, § 11342, subd. (b).) Moreover, we reiterate that there is nothing in the record to support petitioners' premise that the Department prevents providers from correcting their own cost reports before the Department either accepts the reports as filed or undertakes an audit.

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.

---

[3]A similar assignment of error was included in each of St. Joseph's writ petitions.