Filed 6/17/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HOAG MEMORIAL HOSPITAL PRESBYTERIAN,<br><br>        Petitioner,<br><br>v.<br><br>JENNIFER KENT, AS DIRECTOR OF THE CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,<br><br>        Respondent. | A153724<br><br>(San Francisco County<br>Super. Ct. No. CPF-14-513970) |

The central question before us is whether an administrative appeal challenging the overall legality of a Medi-Cal audit reduction encompasses a later challenge to an alleged calculation error within that same audit for purposes of determining timeliness of the calculation error challenge. We find it does not.

Petitioner Hoag Memorial Hospital Presbyterian (Hoag) is an acute care hospital whose patients include beneficiaries of California's Medi-Cal program. The California Department of Health Care Services (the Department) prepared a Medi-Cal audit reviewing Hoag's cost report for fiscal year 2009, including $2,413,623 in audit reimbursement reductions mandated by Assembly Bill (AB) 5 and AB 1183. Hoag filed an administrative appeal that was a blanket challenge to the legality of those assembly bills, and hence the legality of the reimbursement reductions based upon them. Over one and one-half years later, Hoag submitted a second administrative appeal regarding an alleged $620,903 calculation error that it requested be "incorporated" into the open administrative appeal. Hoag alleged that if its global challenge failed, the $2,413,623 reduction should not include $620,903 stemming from an erroneous calculation of Medi-

1

Cal days subject to the reductions required by the assembly bills. The Department's Office of Administrative Hearings and Appeals (OAHA) dismissed the administrative appeal of the alleged calculation error as untimely and Hoag filed a petition for writ of administrative mandate, which was denied. As Hoag's legal challenge to the Medi-Cal audit reduction is a separate issue from its challenge to the alleged calculation error and was therefore untimely, we affirm the dismissal of Hoag's administrative appeal.

## BACKGROUND

Hoag is a medical surgical acute care hospital in Newport Beach, California. Along with other services, Hoag provides inpatient hospital services to Medi-Cal beneficiaries.

" 'The Medi-Cal program [citation] represents California's implementation of the federal Medicaid program [citation], through which the federal government provides financial assistance to states so that they may furnish medical care to qualified indigent persons. [Citation.] The Department is the single state agency designated to administer the Medi-Cal program. [Citation.]' " (*Santa Ana Hospital Medical Center v. Belshe* (1997) 56 Cal.App.4th 819, 822.)

Hospitals that provide inpatient services to Medi-Cal patients are reimbursed either based upon a contractual payment rate or, for hospitals such as Hoag that have no negotiated contracts (non-contract hospitals), based upon costs calculated in accordance with regulatory formulas. (*Mission Hospital Regional Medical Center v. Shewry* (2008) 168 Cal.App.4th 460, 474.) Non-contract hospitals submit annual cost reports to the Department. The Department then audits the cost reports, makes necessary adjustments in the course of the audit, and prepares a final audit report. (Welf. & Inst. Code, § 14170.) The audit report may be challenged via an administrative appeal process, further discussed below.

The Medi-Cal reimbursement available to hospitals during the relevant period of time was reduced by the passage of AB 5 and AB 1183. (*Santa Rosa Memorial Hospital, Inc. v. Kent* (2018) 25 Cal.App.5th 811, 817–819 (*Santa Rosa*).) AB 5, as codified, provided for a 10% reduction in specified Medi-Cal reimbursement rates for inpatient

2

services provided by certain non-contract hospitals beginning July 1, 2008. (*Id.* at p. 817.) AB 1183 further reduced payments to certain non-contract hospitals for dates of service on or after October 1, 2008 to "to the lesser of 90 percent of audited allowable costs or a rate equal to the regional average contract rate minus 5 percent." (*Id*. at p. 818.) The rate reductions in AB 5 and AB 1183 were prospectively eliminated in April 2011. (*Ibid*.) In 2009, a number of health care providers and hospitals, including Hoag, initiated litigation challenging the AB 5 and AB 1183 reimbursement reductions on the ground that they violated provisions of the Medicaid Act (42 U.S.C. § 1396 et seq.) governing the substantive and procedural requirements the California Legislature and the Department must follow when establishing reimbursement rates. (See *Santa Rosa*, *supra*, 25 Cal.App.5th at p. 814.)

### The Department's Audit of Hoag's 2009 Cost Report

On April 17, 2012, the Department issued its final audit report of Hoag's cost report for its fiscal year ending September 30, 2009 (FYE 2009). The Department found that AB 5 and AB 1183 required reductions totaling $2,413,623 to Hoag's FYE 2009 reimbursement. After factoring in these reductions, interim payments to Hoag, and several other audit adjustments, the Department determined that Hoag had been overpaid $149,494 for Medi-Cal services provided during FYE 2009. The final audit report notified Hoag that a party could appeal the audit decision in writing, and that "[t]he written notice of disagreement must be received by the Department within 60 calendar days" from receipt of the report, citing Welfare and Institutions Code, Section 14171 and California Code of Regulations, title 22, section 51016, et seq.[1]

### May 2012 Administrative Appeal Challenging the Legality of the AB 5 and AB 1183 Reimbursement Reductions

On May 19, 2012, Hoag began the administrative appeals process by filing a timely Statement of Disputed Issues (SODI) contesting the legality of the AB 5 and AB

---

[1] All further undesignated section references are to title 22 of the California Code of Regulations.

1183 reimbursement reductions contained in the April 17, 2012 final audit report. Hoag's "Provider's Position" set forth in the SODI was, in full, as follows: "Effective July 1, 2008 the [Department] implemented AB 5; imposing a ten percent reduction in Medi-Cal rates for non-contract hospitals pursuant to the California Welfare & Institutions Codes § 14105.19 and § 14166.245. On September 30, 2008, the [Department] implemented AB 1183; reducing the Medi-Cal reimbursement for non-contract hospitals to equal the lesser of a ten percent reduction or to five percent below the applicable average rate paid by the California Medical Assistance Commission, pursuant to California Welfare & Institution Code § 14166.245. [Hoag] believes that these Medi-Cal rate reductions are illegal because they violate federal and state laws and regulations and provisions of the state and federal constitutions. [Hoag] is represented in several different lawsuits that challenge the enactment and implementation of AB 5 and AB 1183. The federal courts preliminary [sic] enjoined the application of both rate reductions because the [Department] did not comply with the federal statutory requirements that payments be consistent with efficiency, economy, quality of care, and access to care pursuant to 42 U.S.C. § 1396a(a)(30)(A). The amount in dispute for AB 5/AB 1183 is ($2,413,638)." As is evident, Hoag focused exclusively on the global issue of the legality of the AB 5 and AB 1183 reductions and raised no issued as to particular audit calculations. Similarly, the referenced lawsuits challenged the overall legality of the AB 5 and AB 1183 reductions and sought to void the reductions in their entirety. (See *Santa Rosa*, *supra*, 25 Cal.App.5th at p. 814.)

On May 29, 2012, the OAHA notified Hoag and the Department that the SODI had "been received and accepted as a valid appeal," and that the case would be "held in abeyance" pending the outcome of litigation pertaining to AB 5 and AB 1183.

*December 2013 Alleged Calculation Error Challenge*

On December 12, 2013, over 18 months after the May 2012 SODI was submitted, Hoag submitted a second SODI requesting that a "disputed issue be incorporated into the open appeal." The new issue was whether the Department erroneously included "nursery days" (days of covered inpatient nursery care) in a calculation of the number of Medi-Cal

4

days subject to the reimbursement reductions required under AB 1183. Hoag stated that it "disputes and appeals the Medi-Cal payment reduction calculation of $2,413,623 implemented by AB 5 and AB 1183 as it incorrectly includes Nursery Days in the determination not in accordance with the applicable instruction and regulation." Specifically, Hoag alleged the Department "incorrectly includes 448 Nursery Days" in its calculation of the $2,413,623 reimbursement, and it identified the amount in dispute based on this new issue as $620,903. Neither Hoag's initial SODI nor the parallel legal challenges to the assembly bills addressed the cost calculation of eligible Medi-Cal days under AB 1183 at issue in Hoag's second SODI.

Two weeks later, on December 27, the OAHA sent a notice informing Hoag and the Department that the December 12 letter "has been accepted as an appeal of the identified issues" and setting a formal hearing date. On January 13, 2014, counsel for the Department sent an email to the assigned Administrative Law Judge (ALJ) asking for clarification of the "open appeal" reference: "[t]here appears a significant gap in time between [the May 19, 2012 SODI and the December 12, 2013 letter] where it seems something may be missing . . . ." Two days later, the ALJ responded by email, explaining "[a]s I look at the file, it appears that issue 1 and issue 2 are the same issue. First an informal hearing was requested, and then a formal one." However, less than an hour later, the ALJ sent a follow up email, stating that "[a]ctually, it appears [Hoag] has requested a new issue be included." The ALJ explained that "[n]ormally, my office would issue an order to show cause why that issue should be accepted," but suggested that the parties set a time to discuss the matter. Counsel for Hoag responded: "[l]ong and short of it, we had an open appeal for Hoag's case at the time, and we added an issue. It's really a math issue regarding the State's use of Nursery days that should not have been included in the calculation. It's a correction of a calculation error."

*Dismissal of Hoag's Administrative Appeals*

In January 2014, the OAHA issued an order to show cause requiring Hoag to demonstrate why its administrative appeals should not be dismissed on the grounds that: (1) "the issue raised in the [May 2012] SODI as to the validity, legality or

5

constitutionality of AB 5 and AB 1183 is beyond the jurisdiction of this Tribunal," and (2) Hoag's appeal of the issue in the December 2013 SODI "that the AB 5 and AB 1183 adjustment 'incorrectly includes Nursery Days in the determination, (which is) not in accordance with applicable instruction and regulation' " was not raised within 60 calendar days of receipt of the written notice of the audit findings and were thus waived. The parties submitted briefing in response.

In May 2014, the administrative appeals were dismissed on the grounds stated in the order to show cause. In rejecting Hoag's contention that the appeal of the alleged calculation error was timely as "just an elaboration of the same adjustment raised in the original SODI," the ALJ cited to section 51022(d) (providing each issue raised in a SODI must be set forth separately) and found the issues were "clearly different issues with different financial affects [sic], even if they [were] related to the same adjustment. Accordingly, the issue of the calculation of the nursery days [was] a separate issue and was not raised in a timely manner." The ALJ rejected Hoag's contention that it should have been granted 30 days after the notice of deficiency to file an amended SODI since the 30-day provision does not apply to an untimely SODI but rather to an insufficient, but timely, SODI. (§ 51022, subd. (d).) The ALJ further explained that, under section 51022, subdivision (c), all late requests shall be denied unless the provider establishes good cause for the late filing within 15 days of being notified of the untimeliness, and that Hoag "was given well in excess of that amount of time to show good cause of late filing because [Hoag] was notified of the untimeliness of its request to include the nursery days issue on January 28, 2014, and given until April 14, 2014 [the due date of Hoag's reply brief on the order to show cause], to establish good cause for the lateness of the request."

### Writ of Administrative Mandate

Hoag filed a petition for a writ of administrative mandate seeking to reverse the ALJ's dismissal. (Welf. & Inst. Code, § 14171, subd. (j) ["[t]he final decision of the director shall be reviewable in accordance with Section 1094.5 of the Code of Civil Procedure . . . ."].) The trial court denied Hoag's petition on December 13, 2017 in

6

regards to Hoag's appeal of the calculation issue, and affirmed "[t]he dismissal of the [SODI] dated December 12, 2103, seeking to reduce the [$2,413,623] of the Department's Report on the Cost Report Review for Hoag for [FYE 2009] by $620,903 because of a claimed error in nursery days . . . ." The trial court remanded the petition to the OAHA in regards to the issue of the legality of AB 5 and AB 1183, but ordered that it be held in abatement pending a final resolution of *Santa Rosa*, *supra*, 25 Cal.App.5th 811. On July 31, 2018, the *Santa Rosa* case was issued; it affirmed the trial court's denial of the petition of writ of mandate, held the providers could not obtain a writ of mandate against state officials to challenge reimbursement rates approved by a federal agency, and rejected the contention that the AB 5 and AB 1183 reimbursement rates were invalid under applicable procedural requirements. (*Id.* at p. 814.)

Hoag timely appealed the portion of the judgment affirming the dismissal of the administrative appeal contained in the December 2013 SODI.

## DISCUSSION

### I.      Standard of Review

The appellate scope of review from a judgment on a petition for writ of mandate is the same as that of the trial court. (*Department of Corrections & Rehabilitation v. State Personnel Board* (2015) 238 Cal.App.4th 710, 716 (*State Personnel Board*).)

" 'When reviewing the denial of a petition for writ of administrative mandate under Code of Civil Procedure section 1094.5, we ask whether the public agency committed a prejudicial abuse of discretion.' " (*Hi-Desert Medical Center v. Douglas* (2015) 239 Cal.App.4th 717, 730 (*Douglas*).) Abuse of discretion is established if the Department "has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Civ. Code, § 1094.5.) "If a question of law is presented, we undertake a de novo review of the [Department's] ruling." (*State Personnel Board*, *supra*, 238 Cal.App.4th. at pp. 716–717; see also *Douglas*, *supra*, 239 Cal.App.4th 717, 730 [" '[a]s to questions of law, appellate courts perform essentially the same function as trial courts in an administrative mandate proceeding, and the trial court's conclusions of law are reviewed de novo. [Citation]' "].)

7

Furthermore, we "also recognize that courts show deference to an administrative body's reasonable construction of relevant statutory provisions within its field of expertise." (*State Personnel Board*, *supra*, 238 Cal.App.4th at p. 717.)

As this matter before us presents purely legal issues, we review de novo the dismissal of Hoag's administrative appeal regarding the alleged calculation error.

## II.    The Dismissal of Hoag's Administrative Appeal of the Calculation Error Was Not an Abuse of Discretion

The parties do not dispute the dates and central issue – Hoag filed its first administrative appeal challenging the legality of the AB 5 and AB 1183 reductions in May 2012 and then, in December 2013, sought to add its administrative appeal of an alleged calculation error in the AB 1183 adjustment on the basis that it could be "incorporated" into the timely filed original administrative appeal.

We find no abuse of discretion in the dismissal of Hoag's administrative appeal of the alleged calculation error issue.  Hoag did not request a hearing on the issue within 60 days of receipt of the Department's audit report as the appeal of the alleged calculation error does not relate back to the date of the initial administrative appeal concerning the legality of reductions taken pursuant to AB 5 and AB 1183.  (See § 51022.)  The OAHA notice stating "acceptance" of Hoag's calculation error administrative appeal does not affect the timeliness determination.

### A. The Calculation Error Administrative Appeal was Separate and Distinct from the Administrative Appeal Challenging the Lawfulness of AB 5 and AB 1183

Section 14171, subdivision (a), of the Welfare and Institutions Code provides that the director of the Department "shall establish administrative appeal processes to review grievances or complaints arising from the findings of an audit" and the Department did so.  (§ 51016, et seq.)  Under the administrative appeals process, a provider "may request a hearing for any disputed audit or examination finding" according to the process set forth in section 51022.  (§ 51022, subd. (a).)  To request a hearing, "[a] written request

8

shall be filed with the Department within 60 calendar days of the receipt of the written notice of the audit or examination findings." (§ 51022, subd. (a)(1).) The written request is known as the "Statement of Disputed Issues" (SODI) and may be amended at any time during the 60-day period following receipt of the written notice of the audit. (§ 51022, subds. (a)(2), (d).)

Hoag's May 2012 SODI challenged the lawfulness of the $2,413,623 Medi-Cal reimbursement reduction made pursuant to AB 5 and AB 1183. In this SODI, Hoag specifically "disputes and appeals the Medi-Cal payment reduction of ($2,413,623) implemented by AB 5 and AB 1183" and stated that it "believes that these Medi-Cal rate reductions are illegal because they violate federal and state laws and regulations and provisions of the state and federal constitutions."

Although the date on which Hoag received the April 17, 2012 audit report is not clear from the record, Hoag necessarily received it by May 19, 2012, the date it submitted its first SODI. Under the 60-day time limit, Hoag had, at most, until July 18, 2012 to dispute the results of the audit by filing a SODI specifically listing "each issue as are in dispute" and "setting forth [its] contentions as to those issues and the estimated amount each issue involves." (§ 51022, subds. (a)(2), (d).) Instead, Hoag filed a second SODI challenging the alleged calculation error by letter dated December 13, 2013 requesting that an additional "disputed issue be incorporated into the open appeal." Hoag identified the new issue as "Issue #2" and stated that it "disputes and appeals the Medi-Cal payment reduction calculation of ($2,413,623) implemented by AB 5 and AB 1183 as it incorrectly includes Nursery Days in the determination not in accordance with the applicable instruction and regulation," and that the Department incorrectly includes "448 Nursery Days," valued at $620,903, in its overall $2,413,623 reimbursement reduction.

Hoag argues that because it filed an administrative appeal challenging the legality of the Department's finding that AB 5 and AB 1183 required a $2,413,623 adjustment, it should be permitted to belatedly appeal a separate issue contesting a specific $620,903 adjustment calculation that constituted a portion of the total $2,413,623 adjustment. It asserts that, "[u]nder Section 51022, a Provider does not appeal 'issues,' it appeals 'any

9

disputed audit or examination finding' " and contends that the calculation challenge was "only elaborating on" the earlier challenge to the lawfulness of the AB 5 and AB 1183 reductions. In so doing, Hoag ignores the clear statutory requirements that administrative appeals of Medi-Cal audits must be specific as to each contested issue and ignores the reality that the "math issue" was a completely new and distinct challenge.

Welfare and Institutions Code section 14171, subdivision (e)(1), provides that the administrative appeal of a Medi-Cal audit is initiated by a "timely and *specific statement of disputed issues* by the provider." (Italics added.) The regulations governing the administrative appeals process are consistent with this mandate. Section 51022 of the California Code of Regulations, title 22, requires that a provider submit a SODI that "shall be specific as to each issue as are in dispute, setting forth the provider's contentions as to those issues and the estimated amount each issue involves" in order to "request a hearing for any disputed audit or examination finding." (§ 51022, subds. (a), (d).) This requirement of issue specificity ensures that the Department has notice and an opportunity to investigate and resolve providers' grievances and complaints.

The cases cited by Hoag are inapposite to the case before us and do not suggest that a provider, after timely appealing an audit finding, may add a separate and distinct issue to its appeal without complying with the 60-day timeliness requirement. (See *Kaiser Foundation Hospitals v. Belshe* (1997) 54 Cal.App.4th 1547, 1556 fn. 4 [hospital could not request a hearing to examine disputed audit findings where there was no adjustment in the amount claimed by the hospital]; *Coastal Community Hospital v. Belshe* (1996) 45 Cal.App.4th 391, 394–395 [administrative appeals process does not permit hospitals to appeal Department's decision to accept their cost reports as filed, rather than perform an audit, because the "pre-acceptance review" of the costs reports did not constitute an "audit or examination" that would trigger a right of appeal]; *Palmdale Hospital Medical Center v. Department of Health Services* (1990) 8 Cal.App.4th 1306, 1316 [court held that there are different review processes and provisions for review of "the findings of an audit or examination [citation] and the determination of a tentative or final settlement based on those findings." ]

10

On the contrary, courts have recognized that section 51022 mandates a provider to timely identify issues in order to commence the administrative appeal process. (See *County of San Joaquin v. Belshe* (1995) 35 Cal.App.4th 6, 10 [under sections 51017 and 51022, a provider's appeal from the settlement of an audit "must specify the disputed issues in writing. [Citations]. Only these issues will be reviewed."]; *Mission Community Hospital v. Kizer* (1993) 13 Cal.App.4th 1683, 1688 [under section 51022, "[i]f a provider is dissatisfied with audit findings, the provider may appeal by filing a statement of disputed issues within 60 days of the receipt of the written audit findings"].)

In sum, we find that Hoag was required to set forth each issue it was appealing, including its contentions as to each issue and the estimated amount of each issue, within the 60-day time frame set forth in section 51022. We reject Hoag's contention that its administrative appeal of the legality of the "finding" of the $2,413,623 reduction mandated by AB 5 and AB 1183 included the separate challenge to the alleged $620,903 adjustment calculation error as the contentions underlying the two challenges are completely distinct, as are the amounts at issue. (See § 51022, subd. (d) [a SODI "shall be specific as to each issue as are in dispute, setting forth the provider's contentions as to those issues and the estimated amount each issue involves"].) Therefore, we find the ALJ properly exercised discretion in dismissing the administrative appeal of the alleged calculation error as untimely.

**B. The OAHA Notices Accepting Hoag's Administrative Appeals do not Determine the Timeliness Issue**

The OAHA notified Hoag that the May 19, 2012 SODI "has been received and accepted as a valid appeal." The OAHA also notified Hoag that its December 12, 2013 letter "has been accepted as an appeal of the identified issues." Neither letter makes any statement regarding timeliness. Hoag argues that these receipt notifications constitute an implicit concession regarding timeliness because the Department's "acceptance of the two appeal letters was authoritative," and "[t]here is nothing in the appeal regulations in title 22 which authorizes the hearing officer to revoke the Department's acceptance of the appeal."

11

Hoag has not provided to us, and did not provide to the trial court, any legal authority in support of its position that an OAHA notice accepting an administrative appeal constitutes a determination of timeliness or precludes the presiding ALJ from making a timeliness determination. Hoag simply refers to Welfare and Institutions Code section 14171(g), which states that "a provider who prevails in an appeal of a disallowed payment shall be entitled to interest at the rate [calculated] . . . . commencing on the date *the appeal is formally accepted by the department* or the date payment is received by the department, whichever is later." (Italics added). This provision addresses interest calculations, not timeliness. Therefore, we reject Hoag's contention that the notices constitute a final determination of the timeliness of its appeal of the alleged calculation error issue.

## III. Hoag Has Waived Any Good Cause Argument for its Delay

Under section 51022, subdivision (c), all late SODIs "shall be denied and the audit . . . findings deemed final unless the provider establishes in writing good cause for late filing within 15 calendar days of being notified of the untimeliness of its request."

Hoag was given approximately two and one-half months, far more than 15 days, to respond to the order to show cause regarding dismissal for lack of timely filing. In contrast to the good cause arguments that Hoag now attempts to assert, including that it would be unreasonable to expect it to immediately "audit the audit" upon its receipt, Hoag responded to the order to show cause by asserting to the ALJ it was just "an independent and simple calculation error in the same audit finding." Hoag did not raise any justification for the late filing and instead took the position that it was timely because: (1) it was not subject to the 60-day requirement of section 51022, subdivision (a), as it related to the same "finding" that was at issue in its challenge to the lawfulness of the AB 5 and AB 1183 reductions; (2) the Department "explicitly accepted" its second SODI by issuing the December 19, 2013 notice; and (3) it should have been granted an additional 30 days under section 51022, subdivision (d)(1), to file an amended SODI. These are substantive issues that we have addressed, and rejected, above.

12

Therefore, Hoag has waived its good cause for delay argument for failure to make that argument in the administrative proceedings below. (See *City of Pleasanton v. Board of Administration* (2012) 211 Cal.App.4th 522, 541 [court found that employee waived arguments not presented in administrating proceeding, noting that "[t]he courts have consistently held that parties may not advance new theories in the courts that were not presented to the administrative agency"]; *NBS Imaging Systems, Inc. v. State Board of Control* (1997) 60 Cal.App.4th 328, 337 [trial court erred in granting petition for writ of mandate based on a theory that was never presented during administrative proceeding because "the hearing officer and the board had no opportunity to evaluate the . . . import of these tardy assertions and the superior court had no authority to consider them"].)

## DISPOSITION

The judgment is affirmed. The Department is entitled to recover its costs on appeal.

_____
                                        Petrou, J.


WE CONCUR:


_____
Siggins, P.J.


_____
Wiseman, J.*


*A153724*

---

* Retired Associate Judge of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court: San Francisco County Superior Court

Trial Judge: Harold E. Kahn

Counsel: Weiss & Zaman, Thomas Joel Weiss, for Petitioner.

Xavier Becerra, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Susan M. Carson, Supervising Deputy Attorney General, Joshua N. Sondheimer, Deputy Attorney General, for Respondent.